136

**Alfredo ORTIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45020.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the sale of marihuana. The punishment was assessed by the jury at fifteen years.

The indictment alleged the sale of marihuana by Alfredo Ortiz (the appellant) to B. J. Hendry. The sole complaint is that the evidence is insufficient to support the conviction.

Hendry testified that on August 7, 1970, he was an undercover officer when he and a man named Greg had a discussion about the sale of marihuana. Later Greg introduced Hendry to the appellant at a parking lot of a restaurant. Hendry told the appellant he was interested in purchasing several kilos or as much as a hundred pounds of marihuana. The appellant replied that he could handle any amount Hendry wanted to buy and that he would get in touch with Bernie (Bernardo Aguillera) and arrange for a sale.

Hendry testified that on September 22, some three weeks later, he called Bernardo Aguillera who instructed him to pick up Greg and the appellant and meet him. The appellant directed Hendry to the meeting place and on the way told him that he would introduce him to his partner, the number one man in the smuggling operation from Mexico and that there was not anyone in the middle, "[j]ust he and Bernie." After they met, Bernie said that he could let Hendry have two pounds. Bernie handed the appellant two sacks of marihuana. Bernie thought there were too many cars near their meeting place and suggested that they go to another location. Hendry drove to a secluded place in Oak Cliff where Bernie took the two sacks of marihuana from the appellant. They then went to a creek bank and Hendry looked in the

bags, one of which contained rough, and the other contained "manicured", marihuana (ready to be rolled). Bernie and the appellant had a discussion in Spanish that Hendry could not understand. Hendry agreed to, and did, buy the manicured marihuana for $85.00. It was shown that the sack contained 340.8 grams or a little over ¾ of a pound of marihuana, enough to make two or three thousand cigarettes or more.

The appellant testified that Greg introduced him to Hendry on August 7, 1970, at the parking lot. There Greg offered to sell Hendry some marihuana. He testified that Greg directed Hendry to the meeting on September 22, and that Bernie who was waiting for them got a sack that appeared to be the same as State's Exhibit No. 1 (the one the marihuana was in). He also testified that they walked down the embankment to the creek. He also related that he did not know what the others were discussing, but that Bernie asked someone to get the sack out of the car and Greg did so. Bernie then handed the sack to Hendry.

The appellant also testified that Bernie told him in Spanish that "[T]his man is trying to cut down my price," and the appellant replied, "It's your business, it's your business transaction over here, and I don't have anything to do with it." He also testified that he saw the money pass between Hendry and Bernie for the marihuana. He denied having anything to do with the sale.

The jury chose not to accept all of the appellant's version of the facts.

Article 65, Vernon's Ann.P.C., provides: "All persons are principals who are guilty of acting together in the commission of an offense." Article 69, V.A.P.C., provides: "Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aid or not in the illegal act." See The Law of Principals, Ac-

complices and Accessories by Morrison and Blackburn, Volume 1, page XIII, V.A.P.C.

Considering the evidence in the light most favorable to the verdict, we hold that it is sufficient to support the conviction under either of the above statutes.

No error is shown. The judgment is affirmed.